﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190426-44622
DATE: December 31, 2019

ORDER

Entitlement to basic eligibility for VA nonservice connected pension benefits is denied.

FINDING OF FACT

The Veteran’s net worth exceeds the statutory limit of $123,600. 

CONCLUSION OF LAW

The legal requirements for establishing basic eligibility for VA nonservice-connected pension benefits have not been met. 38 U.S.C. § 1521; 38 C.F.R. §§ 3.1, 3.2, 3.3.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1952 to December 1953, including service in Korea. 

The Veteran appeals a February 2019 rating decision from the Agency of Original Jurisdiction (AOJ). The AOJ made the following favorable findings: Veteran had the minimum active duty requirements for pension; wartime service; and the qualifying character of service. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c). 

The Veteran selected the evidence docket. The Board received the Veteran’s notice of disagreement in April 2019. The 90-day period for evidence submission expired in July 2019, and the record closed. 

Pension Benefits

The Veteran contends that he qualifies for VA pension benefits. 

VA pension benefits shall be paid to wartime Veterans who are permanently and totally disabled from nonservice-connected disabilities that are not the result of willful misconduct. 38 U.S.C. § 1521(a). Such benefits have a number of requirements, including that a Veteran (1) served in the active military, naval, or air service for 90 days or more during a period of war, (2) is permanently and totally disabled from nonservice-connected disability not due to his/her own willful misconduct; and (3) meets the net worth requirements under 38 C.F.R. § 3.274, and does not have an annual income in excess of the applicable maximum annual pension rate specified in 38 C.F.R. §§ 3.3, 3.23. 38 U.S.C. §§ 1502, 1521; 38 C.F.R. § 3.3(a)(3). 

At issue here is whether the Veteran meets the net worth and income requirements. See 38 U.S.C. §§ 1522, 1543; 38 C.F.R. §§ 3.3(a), 3.23, 3.274. Net worth means the sum of the Veteran’s assets and annual income. See 38 C.F.R. § 3.274(b)(1). 

At the time of the Veteran’s February 2019 pension application, the net worth limit was set at $123,600. See 38 C.F.R. § 3.274(a). If the Veteran’s net worth exceeds the limit set in 38 C.F.R. § 3.274(a), the VA will deny the Veteran’s pension claim. See 38 C.F.R. § 3.274(b). 

Annual income includes payments from any source during the 12-month period unless excluded by 38 C.F.R. § 3.272. See 38 C.F.R. § 3.271(a). Other amounts excluded from income by statute will also be deducted from annual income. See 38 C.F.R. § 3.279. The Veteran may not have an annual income in excess of the applicable maximum annual pension rate specified in 38 C.F.R. §§ 3.3, 3.23. 38 U.S.C. §§ 1502, 1521; 38 C.F.R. § 3.3(a)(3). 

The Veteran has the following assets, income, and expenditures: 

Assets

Bank Account $31,909 

Orosco Irrevocable Trust $200,000

Income

Social Security (Veteran) $1,823

Social Security (Spouse) $743

Local 12 OP Eng Pension $926

Rock and Sand $1,384

Expenditures 

Medicare (Veteran) $125

Medicare (Spouse) $108

Health Insurance $320

In Home Care $4,000

Under 38 C.F.R. § 3.275(a)(1), assets mean the fair market value of all property an individual owns, including all real and personal property, unless excluded. The Veteran’s primary residence is not included as part of the value of his assets. See 38 C.F.R. § 3.275(b)(1). The Veteran has a total asset value of $231,909 (bank account + trust). 

Regarding the Veteran’s income, the Veteran has an income of $4,876 monthly or $58,515 yearly ($4,876 x 12). The Veteran’s Medicare (including spouse), health insurance, and in-home care qualify as a medical expense deduction towards his yearly income. See 38 C.F.R. § 3.272(g), 3.278. The Veteran’s medical expenses total to $4,553 monthly or $54,636 yearly ($4,553 x 12). The Veteran’s income ($58,515) minus expenses ($54,636) leaves the Veteran with an annual income of $3,879. 

As mentioned, the Veteran’s net worth is the sum of total assets and annual income. The Veteran’s total assets totaled to $231,909 and annual income to $3,879. Thus, the Veteran’s net worth equals to $235,788 ($231,909 + $3,879). The Veteran’s net worth is thus greater than the net worth limits of $123,600 under 38 C.F.R. § 3.274(a). Therefore, the Board must deny the Veteran’s pension claim. See 38 C.F.R. § 3.274(b). 

The Board does acknowledge the Veteran’s contention that he would have met the net worth and income requirements prior to rule changes on October 18, 2018. See April 2019 Notice of Disagreement. 

Prior to October 18, 2018, VA regulations did not set a limit on a veteran’s net worth in determining the need for pension benefits. See 38 C.F.R. § 3.274 (2018). The net worth limitation of $123,000 was added to 38 C.F.R. § 3.274 via a rule change effective on October 18, 2018. See Net Worth, Asset Transfers, and Income Exclusions for Needs-Based Benefits, 83 Fed. Reg. 47246, 47269 (Sept. 18, 2018) (to be codified at 38 C.F.R. § 3.274). The VA did receive the Veteran’s intent to file a pension claim on October 29, 2018. Because the intent to file a pension claim was received after the effective date, the net worth limitation applied to the Veteran’s claim. See October 2018 Intent to File. 

In conclusion, the Veteran’s net worth exceeds the net worth limitation of $123,600. Therefore, entitlement to basic eligibility for VA nonservice connected pension benefits is denied. 

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Timothy A. Campbell

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.